

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CATHERINE M. ARRINGTON, ET AL.                           PLAINTIFFS

V.                                          CIVIL ACTION NO. 2:05CV97 LTS-JMR

JONES COUNTY REST HOME, ET AL.                          DEFENDANTS

## MEMORANDUM OPINION

This wrongful death action originated in the Circuit Court of Jones County, Mississippi. Plaintiff Catherine M. Arrington (Arrington) alleges that her decedent, Lee Arrington, died as a result of the negligence of the employees of a nursing home operated by Defendant Daleson Enterprises, LLC (Daleson). Arrington is a Mississippi resident, and the named defendants are alleged to be Mississippi residents and Mississippi corporations.

This action was removed shortly after Daleson filed for bankruptcy. Removal was premised on the provisions of 28 U.S.C. §1452(a). This Court's jurisdiction over Daleson's bankruptcy is the sole grounds for removal of this civil action. 28 U.S.C. §1334(b).

Arrington has moved the Court to remand this case. Arrington contends that because there is no diversity of citizenship, and because there is no federal interest at stake in this litigation, this Court should exercise its discretion to abstain from adjudicating the merits of the controversy.

Daleson contends that this action should remain in federal court. This action is one of five wrongful death actions brought against Daleson and a related enterprise, Medforce Management, LLC. Daleson contends that a federal forum is necessary in order to assure that these five wrongful death actions are adjudicated in an orderly fashion.

The five wrongful death actions have two things in common: they involve one or the other of two corporate defendants who have a substantial business relationship, and these two corporate defendants also share common insurance coverage through Underwriter's of Lloyd's London. The suits do not involve the same set of facts concerning the issues of liability or damages. Other than the business relationship between the two defendants and their common insurance coverage, these five cases are unrelated.

Regardless of the Court's decision on the question of remand, the Bankruptcy Court

retains jurisdiction of the assets of the defendant corporations. The litigation of these wrongful death claims will only determine the validity of the claims and, if the claims are found to be valid, the amount of recoverable damages. In the event the plaintiffs succeed on the merits of this action, they will necessarily have to return to the Bankruptcy Court to present their claim in that forum.

This action is not a "core" bankruptcy proceeding because it does not involve a substantive right created solely by the federal bankruptcy law. It is "related to" the Daleson bankruptcy action because it could conceivably have an effect on the administration of the Daleson bankruptcy estate. 28 U.S.C. §1334(b); In re Wood, 825 F.2d 90 (5th Cir.1987). Thus this action is within this Court's subject matter jurisdiction under 28 U.S.C. §1334(b).

Arrington's motion to remand is addressed to this Court's sound discretion under 28 U.S.C. §1452(b)(2), which provides that the court to which a civil proceeding is removed "may remand such case or causes of action on any equitable grounds."

I can see no reason that the merits of this particular claim should not be adjudicated in the court in which it was originally filed, as a matter of comity. While abstention and remand is not mandatory in this case, I will exercise my discretion to abstain from adjudicating this controversy in favor of the state court in which the action was brought. This action is premised on state law; it could not have been commenced in federal court except for its relationship to the Daleson bankruptcy proceeding; it is a non-core proceeding; and it can be timely adjudicated in state court. Judge Starrett has already exercised his discretion to remand one of the five cases that were removed, Christoffer v. Daleson Enterprises, LLC., 2:05cv99 KS-JMR, and I will follow him in remanding this action.

Accordingly, this matter will be remanded to the Circuit Court of Jones County, Mississippi. An appropriate order to that effect will be entered.

Decided this 7th day of November, 2005.

s/ L. T. Senter, Jr.

L. T. Senter, Jr.
Senior Judge